**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ANDRES GARCIA, ADC # 146619            *
                                       *
                    Plaintiff,         *
                                       *
v.                                     *
                                       *        No. 4:13CV00573-SWW-JJV
BRUCE PENNINGTON, Saline County        *
Sheriff; *et al.,*                     *
                                       *
                    Defendants.        *

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

## I.      INTRODUCTION

Plaintiff, Andres Garcia, is a detainee in the Saline County Detention Center.  He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights.  After careful review of his Complaint, the Court finds that Plaintiff fails to state a claim on which relief may be granted and his Complaint should be DISMISSED.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous; (b) malicious, or fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

2

*pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## III.    ALLEGATIONS

According to the Complaint, following his May 11, 2013, arrest, Mr. Garcia was booked into the Saline County Detention Center. (Doc. No. 2 at 4.) Included among the personal property he relinquished was a wallet containing four hundred dollars. (*Id.*) When he retrieved his property after making bond, his money and wallet were missing. (*Id.*) He reported the missing items to an officer on duty and was advised to contact the detention center administration the following day. (*Id.*) He now seeks reimbursement for his losses.

## IV.   ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his Complaint, Mr. Garcia names Saline County Sheriff Bruce Pennington, Jail Administrator Birdsong, and Sergeant Bentley as defendants.  He does not assert that the Defendants intentionally deprived him of his property.   Inadvertence, negligence, or gross negligence is insufficient to state a claim under § 1983. *Hunter v. Namanny*, 219 F.3d 825, 833 (8th Cir. 2000). However, even if he did allege that the deprivation was intentional, it is well settled that the unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Plamer*, 468 U.S. 517, 533 (1984).  Because the State of Arkansas recognizes a claim for conversion, Mr. Garcia has an adequate remedy for his injury in state court. *See Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877 (Ark. 1991).  He, therefore, fails to state an actionable § 1983 claim against the Defendants.

Even if Mr. Garcia had alleged a claim of constitutional proportions, his Complaint would still require dismissal.  Mr. Garcia only sues the Defendants in their official capacities.  A suit

4

against the Defendants in their official capacities is in essence a suit against Saline County. *See Butler v. Fletcher*, 465 F.3d 340, 342 (8th Cir. 2006). For a county to be liable under § 1983, a policy or custom of the county must have been the moving force behind the constitutional violation. *See Slaven v. Engstrom.*, 710 F.3d 772, 780 (8th Cir. 2013). Mr. Garcia does not allege that a Saline County policy or custom caused him to be deprived of his property. In the absence of any allegations suggesting a Saline County policy or custom caused the deprivation of his property, Mr. Garcia fails to state a claim against the Defendants in their official capacities.

For these reasons, the Court finds that Mr. Garcia fails to state a claim against the Defendants. His Complaint (Doc. No. 2) should be DISMISSED, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## VI.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. No. 2) should be DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted..

2.      Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and an accompanying Judgment

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. § 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

would not be taken in good faith.

DATED this 31st day of October, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE